# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 05-0014-LRR |
| vs. | |
| RICKY ALFONZO PERKINS, | **ORDER** |
| Defendant. | |

_____

The matters before the court are Defendant Ricky Alfonzo Perkins's Motion to Suppress Physical Evidence and Statements (docket no. 50), and the Report and Recommendation that such Motion be granted (docket no. 86).

## I. PROCEDURAL BACKGROUND

On March 23, 2005, a federal grand jury returned a twelve-count Superseding Indictment against five defendants. Defendant was charged in Counts 1 through 3. Count 1 charges between about June 2004 and February 2005, all five defendants and other persons known and unknown to the grand jury, did knowingly and unlawfully combine, conspire, confederate, and agree with each other to commit four controlled substances offenses, in violation of 21 U.S.C. §§ 846 and 851. Count 2 charges on or about July 9, 2004, Defendant did knowingly and intentionally possess with intent to distribute approximately 5.42 grams of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Count 3 charges on or about July 9, 2004, Defendant and a named co-defendant did knowingly and intentionally possess with

intent to distribute and aid and abet the possession with intent to distribute approximately 42.97 grams of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2.

On April 18, 2005, Defendant filed his Motion to Suppress Physical Evidence and Statements (docket no. 50). On April 27, 2005, the government filed its resistance (docket no. 63). On April 29, 2005, Chief Magistrate Judge John A. Jarvey held a hearing on the Motion. Defendant was present at the hearing and represented by counsel Mark Meyer. Special Assistant United States Attorney Teresa K. Baumann represented the government. On May 5, 2005, Chief Magistrate Judge Jarvey filed a Report and Recommendation (docket no. 86) in which he recommends the court grant Defendant's Motion. The government did not file an objection to the Report and Recommendation. The court therefore finds Defendant's Motion fully submitted and ready for decision.

## *II. ANALYSIS*

The district court judge is required to make a *de novo* determination of those portions of the report or recommendation to which the movant objects. 28 U.S.C. § 636(b)(1); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition

2

> to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). In this case, the government has not filed an objection to the Report and Recommendation. The court adopts Chief Magistrate Judge Jarvey's May 5, 2005 Report and Recommendation in its entirety.

## *III. CONCLUSION*

Accordingly, **IT IS HEREBY ORDERED**:

(1) The court **GRANTS** Defendant Ricky Alfonzo Perkins's Motion to Suppress Physical Evidence and Statements (docket no. 50).

(2) The court **ADOPTS** Chief Magistrate Judge Jarvey's Report and Recommendation of May 5, 2005 (docket no. 86).

(3) The period between the filing of Defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 20th day of May, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA